Harry M. RUNKLE

v.

Joseph D. BIRKMEYER, John L. McCarty, H. J. Bice, Hugo H. Loewenstern
and Paula Hassenpflug.

Civ. A. No. 2598.

United States District Court
N. D. Texas,
Amarillo Division.

Nov. 5, 1959.

John L. Smith and Mark Smith, Lubbock, Tex., for plaintiff.

McCarthy, Rose & Haynes, and Adkins, Folley, McConnell & Hankins, Amarillo, Tex., for J. D. Birkmeyer.

Simpson, Clayton & Fullingim, Amarillo, Tex., for John L. McCarty.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Tex., for Hugo H. Loewenstern.

E. Byron Singleton, Amarillo, Tex., for H. J. Bice and Paula Hassenpflug.

BEN C. DAWKINS, Sr., District Judge.

On the 20th day of August 1959, this Court filed an opinion adjudicating the issue of liability between the plaintiff, Harry M. Runkle and the defendants therein sued, holding John L. McCarty and Joseph B. Birkmeyer, were indebted to Runkle for loss sustained in a transaction between Runkle and Birkmeyer by which the former transferred to the latter some 4,200 acres of land in the State of Arkansas, for 100,000 shares of the capital stock of Estate Life Insurance Company, a corporation under the laws of the State of Texas, due to fraud practiced by these two defendants in misrepresenting the value of said stock.

The Court was of the view that in the light of the circumstances and conduct

of both plaintiff and said defendants, it would not be justified in applying the harsh remedy of Articles 4004 and 7047 of the Vernon's Ann.Civ.St. of Texas to the determination of the loss or damages suffered by plaintiff.

Had the nature and condition of the corporate affairs of Estate Life Insurance Company been such that plaintiff, by pursuing the lead given by Birkmeyer in his letter of October 12, 1957, could have uncovered the corporation's insolvency and he failed to do so, he would have himself to blame for not doing so. However, that condition was known only to McCarty, Birkmeyer and their agents, and it would have required the employment of accountants or other experts to discover it. This, it is believed, he was not required to do in order to recover from McCarty and Birkmeyer for their fraud.

The amount of recovery by plaintiff was left open for him on the one hand, and the defendants, Birkmeyer and McCarty, on the other to prove the damages actually suffered by Runkle. This was, for reasons stated in the former opinion and here, believed a better way of attaining justice than to ignore the shortcomings of either side. However, these defendants called no further witness, expert appraisers or otherwise, but relied upon what was already in the record.

■ The one witness called by plaintiff, was a real estate appraiser of several years experience, and but for the tendency of expert witnesses generally to lean toward the side by which they are employed, gave rather straightforward opinion as to value. Still the Court cannot ignore altogether the apparently substantial testimony that plaintiff had been endeavoring for some time to dispose of Runmoor Properties for considerably less than what he was asking these defendants. So taken all in all, it is the Court's conclusion that a recovery by plaintiff of Three Hundred Thousand ($300,000) and No/100 Dollars would do substantial justice between the parties and it is so ordered.

■ With respect to the demand of defendant Birkmeyer against Paula Hassenpflug, they should be permitted to litigate the issues in a separate trial. No other party has any interest in their controversy, except possibly that if title to any portion of the Runmoor Properties in the State of Arkansas is restored to Birkmeyer and Runkle's judgment is not paid, he might have execution thereon against Birkmeyer as suggested by this defendant as the reason for seeking that relief.

Had the plaintiff not brought Hassenpflug into the case by charging a conspiracy between her and Birkmeyer to "cover up" the Arkansas property by placing it beyond Runkle's reach, it is not believed that Hassenpflug could have been brought into the case by Birkmeyer for his own relief alone. However, while she did not, as was contended at the first trial, answer by written pleadings, she did appear both in person and by counsel, testified as a witness in her own behalf and contested the demands of plaintiff, as well as those of Birkmeyer now being made.

There is the requisite diversity jurisdiction (Birkmeyer is a citizen of Texas and she of New Mexico), and no substantial reason appears why they cannot pursue their claims in this Court to that end—in fact, no issue on that score has been raised by Hassenpflug.

This phase of the case has not been tried or decided, the Court in its former opinion, stating the Runmoor Property, or considerable portions thereof had passed into the hands of innocent persons, after completion of the transfer from Birkmeyer to Hassenpflug and could not be restored. The former has, therefore, changed his demand by asking that all that part of the property as to which title remains in Hassenpflug be restored to and decreed to belong to him, Birkmeyer, to be available for execution by Runkle, thereby waiving "piece meal" recovery, which cannot be questioned by Hassenpflug. Therefore, this controversy between these two litigants will be reopened and a new trial granted, to be

heard at such time as the presiding Judge may determine.

In this connection, the Court is unable to refrain from observing that, considering Birkmeyer knew of the encumbrance to Mrs. Dickie of the $210,000 mortgage note by Hassenpflug, so far as I can recall, there is nothing in the record to show that Birkmeyer ever assumed payment of Hassenpflug's obligation of $120,000 to this lady; whereas, at least in the original proposal, Birkmeyer was to receive the mortgage note for the full $210,000 unencumbered. This was made impossible by Hassenpflug's failure or inability to repay what she had borrowed from Mrs. Dickie. Hence, this would appear to leave her owing Birkmeyer the full $210,000 without the security of the mortgage, which was lost by the failure of Hassenpflug to repay what she had borrowed when it became due—in fact, her conduct appears to have been questionable also. (See brief of Hassenpflug filed herein on October 28, 1959.)